Benjamin J. Snipas, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1978, before Judges ROGERS, DISALLE and CRAIG, sitting as a panel of three.

*Benjamin J. Snipas*, petitioner, for himself.

*Elsa D. Newman*, Assistant Attorney General, with her *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, May 30, 1979:

Benjamin J. Snipas (claimant) has appealed from a decision of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits. We affirm the Board.

Claimant was employed by the Department of Public Welfare (DPW) at Farview State Hospital, until his discharge on August 22, 1974. Claimant appealed his discharge to the State Civil Service Commission, which on or about February 6, 1975 ordered him reinstated, but denied him back pay. Claimant appealed the denial of back pay to this Court, and we affirmed the Commission. *Farview State Hospital v. Snipas*, 21 Pa. Commonwealth Ct. 474, 346 A.2d 593 (1975). Claimant then appealed to the Pennsylvania Supreme Court, which denied his appeal.

On October 15, 1976, after the Pennsylvania Supreme Court's denial of claimant's appeal, he filed an application for unemployment compensation with the Bureau of Employment Security (Bureau), requesting backdating of his claim to August 25, 1974. Claimant sought benefits for the period for which he had been denied back pay, specifically from August 23, 1974 through February 6, 1975, the date of his reinstatement. The Bureau denied the claim under Sections 401(b) and 401(c) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801

(Law).[1]  Claimant appealed to a referee, who, after a hearing, affirmed the Bureau.  The Board affirmed the referee, and this appeal followed.

Although the referee and the Board denied the claim under Section 401(b), that subsection only requires registration.  Claimant did register.  At issue is his lateness in registering.

The general rule in cases involving late filing for unemployment compensation benefits is that a claimant who files late is ineligible, unless misled by unemployment compensation officials.  *Swope v. Unemployment Compensation Board of Review*, 199 Pa. Superior Ct. 34, 184 A.2d 415 (1962).

The referee found, and we affirm, that claimant was not misled by anyone from the Bureau.

A careful reading of the record indicates that there is substantial evidence to support the finding of the referee that claimant was aware of the possibility of his eligibility for benefits, but that he failed to report to the Bureau to file a claim because he was devoting full time to the preparation of his Civil Service

---

[1] Section 401 states:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

  (b) Has registered for work at, and thereafter continued to report to an employment office in accordance with such regulations as the secretary may prescribe, except that the secretary may by regulation waive or alter either or both of the requirements of this clause as to individuals attached to regular jobs and as to such other types of cases or situations with respect to which he finds that compliance with such requirements would be oppressive or would be inconsistent with the purposes of the act: Provided, however, That no such regulation shall conflict with section four hundred and one (c) of this act;

  (c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department. . . .

appeal of his discharge. Findings of fact are conclusive if supported by substantial evidence. *Geesey v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978).

Moreover, claimant testified that he failed to file a claim with the Bureau at the time of his discharge because he thought he would be denied benefits because he was discharged.

Claimant's conscious decision not to file a claim, coupled with his awareness of his potential eligibility for benefits, renders his request for backdating of his claim meritless. Therefore, we affirm the Board's denial of benefits.

ORDER

AND Now, this 30th day of May, 1979, the order of the Unemployment Compensation Board of Review, decision No. B-144406, dated April 26, 1977, is affirmed.