547 A.2d 496

Joann E. Strichko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

372

Submitted on briefs May 26, 1988, to Judges DOYLE, PALLADINO and MCGINLEY, sitting as a panel of three.

*William T. Ray,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 12, 1988:

Joann E. Strichko (Petitioner) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying her unemployment compensation benefits based on sections 401(c) and 4(w)(1) of the Unemployment Compensation Law (Law).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(c) and §753(w)(1). Section 401(c) of the Law provides:

Compensation shall be payable to any employee who is or becomes unemployed and who has made a valid applica-

Petitioner was employed by Pittsburgh Allegheny County Thermal as a stationary engineer. Petitioner stopped working on June 11, 1985 due to a non job related physical injury. On June 10, 1986, Petitioner presented her employer with medical certification that she could return to work of a sedentary nature. The following day, Petitioner presented her employer with medical certification that she could return to work on June 11, 1986 with no restrictions. Petitioner was not returned to work by her employer.

Petitioner did not file an application for unemployment compensation benefits until August 27, 1986. At that time, Petitioner requested that her application be backdated to June 8, 1986 and that her claim for benefits for the waiting week ending June 14, 1986 and the compensable weeks ending June 21, 1986 through August 23, 1986, also be backdated. The Office of Employment Security (OES) denied benefits because Petitioner's claim was filed late.

Petitioner appealed the OES determination alleging that she was given incorrect information about benefits. The referee affirmed the OES determination. The

---

tion for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department.

Section 4(w)(1) of the Law provides:

A 'Valid Application for Benefits' means an application for benefits on a form prescribed by the department, which is filed by an individual, as of a day not included in the benefit year previously established by such individual who (1) has been separated from his work or who during the week commencing on the Sunday previous to such day and has worked less than his full time due to lack of work and (2) is qualified under the provisions of section four hundred and one (a), (b) and (d).

Board, without taking any additional testimony, affirmed the referee's decision.

On appeal to this court,[2] Petitioner contends that her local OES office gave her incorrect information upon which she relied and this constituted a constructive refusal by OES to accept her application.[3]

This court has held that a claimant who files late is ineligible for unemployment compensation benefits, unless misled by unemployment compensation officials. *Snipas v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 129, 401 A.2d 888 (1979). However, in this case the referee found that Petitioner was *not* misled by OES personnel in regard to proper reporting requirements. Finding of fact No. 10.

Petitioner, the only witness to testify in this case, testified that she did not file her application prior to August 27, 1986 because she called the unemployment office and was told that she would not be eligible for benefits because she had not worked for a calendar year. N.T. at 3. However, the referee determined that Petitioner's testimony was not credible, stating in her discussion that she could not give credibility to the Petitioner's allegation that Petitioner was misinformed by OES in regard to her eligibility.

_____

[2] Our scope of review in an unemployment compensation case is limited to determining whether findings of fact are supported by substantial evidence, whether constitutional rights have been violated or whether an error of law has been committed. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 16, 525 A.2d 458 (1987).

[3] Petitioner relies on 34 Pa. Code §65.41(c)(5) which states that an application for benefits may be backdated not more than 52 weeks where the claimant was prevented or persuaded from filing an application because the office refused to accept the application as a result of an error or mistake.

It is well established that the credibility of witnesses is for the Board to determine, *Mikolayczak v. Unemployment Compensation Board of Review*, 94 Pa. Commonwealth Ct. 163, 503 A.2d 100 (1986). The Board may disregard even uncontradicted testimony, *Carriers Terminal Company v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 586, 449 A.2d 873 (1982).

Accordingly, we affirm.

ORDER

AND NOW, September 12, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.