IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George E. Egreczky, : 
          Petitioner : 
           : 
          v. :   No. 2081 C.D. 2016
           :   Submitted: September 1, 2017
Unemployment Compensation : 
Board of Review, : 
          Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: November 30, 2017

George E. Egreczky (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying his request to backdate his April 2015 application for unemployment compensation benefits to December 28, 2014. In doing so, the Board affirmed the Referee's decision that Claimant failed to prove that he was eligible to backdate his application under the applicable regulation of the Department of Labor and Industry (Department). For the reasons that follow, we affirm.

In July of 2014, Claimant applied for unemployment benefits following the elimination of his position at Prudential Financial Company. The Unemployment Compensation Service Center (UC Service Center) determined that Claimant was eligible for benefits effective July 6, 2014, pursuant to the

Unemployment Compensation Law (Law).[1]  Claimant's benefit year for the claim ended June 13, 2015.

On July 21, 2014, Claimant informed the UC Service Center that he would receive severance pay from Prudential in the amount of $89,800.  On July 28, 2014, the UC Service Center issued a notice of determination stating that Claimant's severance pay was deductible from his unemployment compensation pursuant to Section 404(d)(1)(ii) of the Law, 43 P.S. §804(d)(1)(ii).  This revised Claimant's unemployment compensation to $0 effective for the waiting week ending July 12, 2014, through June 13, 2015.  Claimant appealed the UC Service Center's determination, which was affirmed by a Referee on September 5, 2014.

On April 22, 2015, Claimant appealed the Referee's September 5, 2014, decision.  Claimant sought to change his application date from July 6, 2014, to December 28, 2014.  Claimant explained that, on April 16, 2015, he attended a seminar at Pennsylvania CareerLink in Lackawanna County and learned that it is possible to cancel an initial application for benefits and refile the application with a later effective date.  On April 30, 2015, the Board advised Claimant that his appeal appeared to be untimely but allowed him to submit a written reply and request a hearing on the timeliness issue.  Claimant submitted a written response to the Board but did not request a hearing.  On May 26, 2015, the Board dismissed Claimant's appeal as untimely.

Claimant requested reconsideration.  On June 25, 2015, the Board issued a remand order, which vacated its May 26, 2015, adjudication and scheduled a hearing to provide Claimant the opportunity to establish the timeliness of his

---

[1] Act of December 5, 1936, Section Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-919.10.

appeal to the Board. Following the hearing, on August 24, 2015, the Board issued an adjudication dismissing Claimant's petition as untimely, explaining that the last day to file an appeal was September 22, 2014, and he did not file his appeal until April 22, 2015.

Thereafter, Claimant appealed to this Court, contending that the Board should have considered his correspondence as a request to withdraw his initial application for benefits and to cancel the corresponding benefit year. At the Board's request, this Court remanded the matter for the Board's further consideration.

On April 7, 2016, the Board issued an adjudication vacating its August 24, 2015, decision and remanding the matter to the UC Service Center. The Board directed the UC Service Center to treat Claimant's correspondence of April 22, 2015, as a request to withdraw his application for benefits effective July 6, 2014; to cancel the corresponding benefit year; and to refile his application for benefits effective December 28, 2014.

On May 23, 2016, the UC Service Center issued a determination granting Claimant's request to cancel his initial application for benefits effective July 6, 2014. With regard to Claimant's application for benefits on April 19, 2015, the UC Service Center issued a determination that Claimant was financially ineligible for benefits. Thereafter, on July 19, 2016, the UC Service Center denied Claimant's request to backdate his application for benefits to December 28, 2014, explaining that Claimant's "belief, in hindsight, that had he waited six months to file his initial [application for benefits] to obtain more UC benefits does not constitute an error or mistake by the UC service center." Notice of Determination, 7/19/2016, at 2; Certified Record (C.R.) Item No. 5.

3

Claimant appealed, and a hearing was scheduled. Before the Referee, Claimant explained his reasons for seeking to backdate his application for benefits to December 28, 2014. Claimant acknowledged that if he withdrew his July 2014 application for benefits, there was no guarantee he would be granted a December 2014 effective date for his refiled application for benefits. Notes of Testimony, 9/14/2016, at 29.

On September 16, 2016, the Referee denied Claimant's request to backdate his application for benefits. The Referee reasoned:

> In this case, [Claimant] alleged that he contacted the UC Service Center prior to filing for benefits after his separation from Prudential Financial and was given conflicting information in reference to the deductibility of his severance pay by UC Service Center representatives. Furthermore, [Claimant] alleged that it was the Department's responsibility to advise as to when it would be most opportune for [Claimant] to file for benefits in order to maximize his receipt of benefits. However, the Department's witness testified that it is not the Department's responsibility to advise claimants when it is most opportune to file for benefits.

> After careful review of the testimony and documentary evidence in the record, the referee finds [Claimant] has failed to meet his burden. Although the referee does not dispute that a Department representative informed [Claimant] on April 16, 2015 that he could have cancelled his claim which was filed during July 2014 and refiled effective December 28, 2014, nevertheless, the referee finds the Department's representative as credible that the Department did not have a responsibility to inform [Claimant] as such. Furthermore, the referee finds [Claimant] was not misled by the Department in reference to filing for benefits. Based upon the testimony and the documentary evidence in the record, the referee finds that [Claimant's] request for backdating is denied.

4

Referee's Decision, 9/16/2016, at 5; C.R. Item No. 11. On November 2, 2016, the Board affirmed the Referee's order. The Board explained:

> [Claimant] asserts that the Service Center did not comply with the Board's remand order, which he interprets as directing the Service Center to allow [Claimant] to establish the December 28, 2014, [application for benefits]. However, [Claimant] misinterprets the Board's order, which did nothing more than direct the Service Center to treat [Claimant's] correspondence dated April 22, 2015, *as a request* to withdraw his [application for benefits] and cancel the corresponding benefit year, with a refiled [application for benefits] of December 28, 2014. The Department did treat the correspondence as a request, considered the request and, unfortunately denied the request. Further, [Claimant] admitted that neither the Board's counsel nor the Departmental representative guaranteed [Claimant] that he would obtain the desired result if he proceeded with his request.
>
> The regulation allows for limited circumstances under which an [application for benefits] may be backdated. Here, the only error committed by the Department was when it failed to timely consider [Claimant's] request when first made on April 22, 2015. For this reason, the Department properly deemed [Claimant's application for benefits] filed on April 19, 2016 … as [Claimant] would have filed a new [application for benefits] on this date if his request had been timely considered. Beyond this, the Department did not fail to accept [Claimant's] filing, as his original July 6, 2014 [application for benefits] was accepted and his severance deduction properly adjudicated. [Claimant's] subsequently obtained information that he may have obtained more benefits by delaying his [application for benefits], even if that information came from a Departmental representative, does not amount to mistake or error by the Department. The severance deduction was implemented to prevent the simultaneous receipt of benefits and large severance payouts that essentially amount to salary replacement. The Department is under no obligation to advise claimants how to circumvent the severance deduction.

Board Adjudication, 11/2/2016, at 5; C.R. Item No. 15 (emphasis in original). Claimant now petitions for this Court's review.

On appeal,[2] Claimant argues that the Board erred in denying his request to backdate his application for benefits to December 28, 2014, because the UC Service Center misled or misinformed him. The Board counters that backdating is allowed only in limited situations, and Claimant does not fit any of those situations. Therefore, the Board did not err in affirming the Referee's decision.

Claimant has the burden of proof to establish that his application satisfies the requirements for backdating a claim for benefits. *See Blackwell v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 2122 C.D. 2011, filed September 25, 2012) (unreported).[3] In general, "a claimant who files late is ineligible, unless misled by unemployment compensation officials." *Menalis v. Unemployment Compensation Board of Review*, 712 A.2d 804, 805 (Pa. Cmwlth. 1998).

The Department has promulgated regulations governing the procedures for applying for unemployment benefits and establishing the circumstances where backdating of an application is allowed. The general rule is that "[f]or a week in which a claimant was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week." 34 Pa. Code §65.43a(a). However, the regulation continues:

> The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection

[2] On review, this Court must determine whether the Board's decision is supported by substantial evidence, errors of law were committed, or constitutional rights were violated. *Moore v. Unemployment Compensation Board of Review*, 520 A.2d 80, 82 (Pa. Cmwlth. 1987).

[3] Pursuant to Commonwealth Court Internal Operating Procedure §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

(e). The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).

34 Pa. Code §65.43a(c). Subsection (e) provides as follows:

| Reason [for Late Filing] | Number of weeks [that can be Backdated] |
|---|---|
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used. | 2 |
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |

34 Pa. Code §65.43a(e).

Claimant invokes the exception where "[a] UC Office fails to accept a filing as a result of error or mistake by the Department." 34 Pa. Code §65.43a(e). Claimant contends that representatives from the UC Service Center provided him with incomplete or inaccurate information about his application. Specifically, when Claimant contacted the UC Service Center, he was told, "go ahead and file and you'll get a determination." Claimant's Brief at 16. Claimant asserts that "[h]e had no reason to question or know that he had a choice of when to initiate his application for benefits, or that the timing of the application would determine his benefit eligibility." *Id.* at 19. Claimant argues that the UC Service Center had a duty to inform him that he could delay filing for benefits and that the timing of his application would determine his benefit eligibility.

7

We disagree with Claimant. "To impose a duty on the [unemployment compensation] authorities in each local office to sit down with each and every applicant ... and fully explain all the possibilities under the law would render its administration burdensome, cumbersome and utterly impossible to implement." *Hughes v. Unemployment Compensation Board of Review*, 186 A.2d 453, 454 (Pa. Super. 1962). Here, the UC Service Center accepted Claimant's filing of his application for benefits effective July 6, 2014, and it made a deduction for his severance pay. Claimant's lack of knowledge that he could delay the filing of his application for benefits is not tantamount to an error or mistake by the Department.

Likewise, this Court is unpersuaded by Claimant's argument that the Department erred because a Pennsylvania CareerLink representative, Cathy Van Valen, told him, in April 2015, that, "he should have delayed filing for benefits until a more optimal month." Claimant's Brief at 23. Claimant's conversation with Van Valen occurred after December 2014 and did not impact Claimant's failure to withdraw his initial application for benefits. Claimant's lack of knowledge about 34 Pa. Code §65.43a(e) does not advance his argument in this regard. *See Helo v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 2339 C.D. 2012, filed August 19, 2013) (unreported), Slip. Op. at 7 ("As for Claimant's contention that he had no way of knowing about Section 65.43a(e), 'ignorance of the law is no excuse….'").

Claimant also contends that he was misled by the Department's attorney about how to backdate his application for benefits to December 28, 2014. Claimant's conversations with the Department's attorney regarding the withdrawal of his 2015 appeal occurred after December 2014, and Claimant acknowledged that the Department's counsel did not guarantee he would be successful in having his

application backdated. This Court has stated, "[a]ny lay person who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing." *Daly v. Unemployment Compensation Board of Review*, 631 A.2d 720, 722 (Pa. Cmwlth. 1993). Claimant may not have understood the purpose of the remand, or the legal requirements for having his application for benefits backdated to December 28, 2014, but this is not an error of the Department.

Claimant's reliance on *Stana v. Unemployment Compensation Board of Review*, 791 A.2d 1269 (Pa. Cmwlth. 2002), is misplaced. In *Stana*, the claimant received a notice of determination that she qualified for 16 weeks of unemployment compensation benefits. Believing that the number of weeks was too low, the claimant spoke with a UC Service Center representative and believed that her issue had been resolved. Accordingly, the claimant took no further action, such as appealing the notice of determination. In January 2001, she received a notice advising that she only had four weeks of benefits left; the claimant then filed an appeal.

The referee dismissed the claimant's appeal as untimely, finding that the claimant was not misinformed or misled regarding her right of appeal. The Board affirmed. This Court, however, vacated the Board's order for the stated reason that the referee did not make any credibility findings about the claimant's testimony. This Court stated that the claimant's testimony, if believed by the fact-finder, could be sufficient to allow an appeal *nunc pro tunc*.

Here, unlike *Stana*, there are simply no statements attributable to the Department that address the availability, timing, or need to appeal. The Board did not provide Claimant with inaccurate or misleading information regarding his

9

severance pay being deductible from his unemployment compensation benefits. The fact that Claimant may have benefitted by filing his application for benefits at a later date, or by withdrawing his initial application and refiling his application, does not constitute an error by the Department. As the Board correctly determined, Claimant's circumstances warranted, at most, a two-week backdate.

The Board is the ultimate finder of fact in unemployment compensation proceedings. *Goppman v. Unemployment Compensation Board of Review*, 845 A.2d 946, 947 n.2 (Pa. Cmwlth. 2004). "Findings of fact by the Board, which are not specifically challenged, are conclusive upon review." *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (*quoting Steinberg Vision Associates v. Unemployment Compensation Board of Review*, 624 A.2d 237, 239 n.5 (Pa. Cmwlth. 1993) (emphasis omitted)). Here, Claimant does not challenge any of the Board's findings of fact; rather, he takes issue with the Board's legal conclusion. The Board's findings of fact are conclusive.[4]

For the above-stated reasons, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

---

[4] Also, Claimant contends that the Board failed to render findings and a decision on his base year at issue and cites *YuYu Li v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 620 C.D. 2012, filed November 13, 2012) (unreported), to support his contention. We disagree. In *YuYu Li*, the claimant raised the issue of "whether the Service Center applied the correct base year to her application when determining whether her benefit year began in October 2011." Slip op. 7-8. Here, Claimant did not challenge whether the Service Center applied the correct base year to his application. Additionally, Claimant did not challenge the referee's finding that his filing of the application for benefits in April 2015 established a base year of January 1, 2014, through December 31, 2014. *See* Referee's Decision, 9/16/2016, at 3, Finding of Fact No. 21; C.R. Item No. 11. Accordingly, Claimant has waived this issue.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George E. Egreczky,                          :
              Petitioner        :
                               :
             v.                 :   No. 2081 C.D. 2016
                               :
Unemployment Compensation        :
Board of Review,                 :
              Respondent        :

# **O R D E R**

AND NOW, this 30th day of November, 2017, the order of the Unemployment Compensation Board of Review dated November 2, 2016, in the above-captioned matter is AFFIRMED.

                                   _____
                                   MARY HANNAH LEAVITT, President Judge