IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Donald James Hurlbert,<br>  Petitioner | : |
| | : |
| | : |
| v. | : No. 1101 C.D. 2019 |
| | : SUBMITTED: January 17, 2020 |
| Unemployment Compensation | : |
| Board of Review, | : |
|  Respondent | : |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  March 13, 2020

Donald James Hurlbert (Claimant) petitions for review, *pro se*, of the July 19, 2019 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of a Referee to deny Claimant's request to backdate four unemployment compensation (UC) claim weeks under Section 401(c) of the Unemployment Compensation Law (Law)[1] and 34 Pa. Code § 65.43a.[2]  Because we

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c).  Section 401(c) of the Law provides that UC "shall be payable to any employe who is or becomes unemployed, and who . . . [h]as made a valid application for benefits with respect to the benefit year for which [UC] is claimed and has made a claim for [UC] in the proper manner and on the form prescribed by the [D]epartment [of Labor and Industry (Department)]."  43 P.S. § 801(c).

[2] This regulation states in relevant part:

(a) For a week in which a claimant was employed less than his full-time work, the claimant shall file a claim for [UC] not later than the last day of the second week after the employer paid wages for that week.  If the earliest week for which a claim for [UC] is filed in accordance with this subsection precedes the week in which the

conclude that Claimant failed to satisfy the requirements for backdating claim weeks, we affirm the Board's Order.

## Background

On February 3, 2019, Claimant filed an application for UC benefits. Bd.'s Finding of Fact (F.F.) No. 1. Claimant filed timely claims for UC benefits for claim weeks ending February 9, 2019 through March 2, 2019. *Id.* No. 2.

On April 19, 2019, Claimant filed with the Department a request to backdate claim weeks ending March 9, 2019, March 16, 2019, March 23, 2019, and March 30, 2019. *Id.* No. 3; Record (R.) Item No. 2.[3] Claimant's reason for requesting backdating was that he could not file his bi-weekly claims because of health issues

claimant's application for benefits is filed or deemed filed, as determined without regard to this subsection, the Department will deem the application to be filed during the earliest week for which a claim is filed.

. . . .

(f) If a claimant fails to file a claim for [UC] within the time allowed in subsection (a) . . . due to the claimant's illness or injury, the time for filing the claim is extended until the last day of the second week after the incapacity ends.

(g) The Department will deem an application for benefits to be filed no more than 2 weeks prior to the week in which it actually is filed if the claimant did not file the application earlier because an employer erroneously advised the claimant that the claimant would be recalled to work within 1 week.

34 Pa. Code § 65.43a(a), (f), and (g).

[3] On the backdating request form, Claimant stated:

I made it very clear with [the Department] that [I] could not take it. Mentally it was too taxing. You may not have been trying[,] but you [g]uys are messing with my head. There was a guy that no longer works there that committed fraud against me.

R. Item No. 2 at 2.

2

and because his employer at that time, First Student, Inc. (Employer), erroneously informed him that he could return to work with a doctor's note. Bd.'s F.F. No. 4.

The local UC Service Center denied Claimant's request to backdate claim weeks ending March 9, 2019, March 16, 2019, March 23, 2019, and March 30, 2019 under Section 401(c) of the Law and 34 Pa. Code § 65.43a. The Service Center found that Claimant's proffered reason for requesting backdating was that he could not file his bi-weekly claims "due to a personal health issue." Notice of Determination, 2/3/19, at 1. The Service Center determined, however, that "Claimant's reason for requesting backdating did not meet the requirements under which backdating for a week or weeks of [UC] benefits could be allowed." *Id.*

Claimant timely appealed to the Referee. The Referee held a hearing on June 5, 2019, at which Claimant, acting *pro se*, testified regarding the circumstances of his backdating request.[4] Following the hearing, the Referee affirmed the Service Center's decision, concluding:

> [The r]egulation [at 34 Pa. Code § 65.43a] defines conditions under which a claim for a week of [UC] benefits may be backdated. The regulation allows up to two weeks of backdating if the claimant fails to file a claim for [UC benefits] due to the claimant's illness or injury. The time for filing the claim was extended until the last day of the second week after the incapacity in [sic]. [C]laimant testified that he has mental health issues that led to his failure to file bi[-]weekly claims in a timely manner. [C]laimant did not provide competent documentation to prove that he has mental health issues. In this case, the [R]eferee finds that [C]laimant has not met the burden of proving that circumstances existed that would allow for backdating under [34 Pa. Code § 65.43a].

Ref.'s Order, 6/13/19, at 4.

---

[4] Employer was not notified of the hearing, presumably because Claimant's separation from employment was not at issue. It was purely a backdating issue.

Claimant timely appealed to the Board, which adopted and incorporated the Referee's findings of fact and conclusions of law. The Board also made the following additional findings based on the evidence of record:

> [C]laimant argues that [E]mployer also "advised me erroneously that I would have been recalled to work, *when the weather improved . . . .*" At the hearing, [C]laimant testified that [E]mployer told him he could come back to work if he could get another doctor's note, [and C]laimant did [so] the following week, but [E]mployer did not accept [the note]. *[C]laimant has not proven that [E]mployer advised [C]laimant he would be guaranteed to be recalled to work within [one] week.*

Bd.'s Order, 7/19/19, at 1 (quoting Claimant's Petition for Appeal) (emphasis added). Therefore, the Board affirmed the Referee's Order. Claimant now petitions this Court for review.[5]

## **Analysis**

On appeal, Claimant asserts that the Board erred in concluding he was not entitled to the backdating of the requested claim weeks pursuant to 34 Pa. Code § 65.43a. In cases involving late-filed claims, the general rule is that a claimant who files late is ineligible for UC benefits, unless he or she was misled by UC officials. *Snipas v. Unemployment Comp. Bd. of Review*, 401 A.2d 888, 889 (Pa. Cmwlth. 1979). Our Court has recognized that "[t]he weekly reporting requirements are necessary so that contact between the claimant and the job center is constant and regular, whether it be by mail claims or physical reporting, so as to enable the unemployed to secure employment promptly if a satisfactory job becomes

---

[5] Our scope of review is limited to determining whether the necessary factual findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

available." *Menalis v. Unemployment Comp. Bd. of Review*, 712 A.2d 804, 805 (Pa. Cmwlth. 1998).

The Department has promulgated regulations setting forth the circumstances under which the backdating of claim weeks is permitted. The regulation at 34 Pa. Code § 65.43a(a) provides that generally, "[f]or a week in which a claimant was employed less than his full time work, the claimant shall file a claim for [UC] not later than the last day of the second week after the employer paid wages for that week." 34 Pa. Code § 65.43a(a). However, this regulation provides several exceptions that allow backdating in limited circumstances. *See* 34 Pa. Code § 65.43a(b)-(h). The claimant bears the burden of proving that his or her UC application satisfies the requirements for backdating. *Egreczky v. Unemployment Comp. Bd. of Review*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017).

Before this Court, Claimant asserts that he satisfied the exception in subsection (g) of 34 Pa. Code § 65.43a, which states:

> The Department will deem an application for benefits to be filed no more than 2 weeks prior to the week in which it actually is filed if the claimant did not file the application earlier *because an employer erroneously advised the claimant that the claimant would be recalled to work within 1 week*.

34 Pa. Code § 65.43a(g) (emphasis added).[6] In essence, the record shows that Claimant was sent home from work for failing to wear snow cleats while on the job as required by Employer. Claimant maintained that the snow cleats caused him pain. Employer told Claimant that he could return to work with a doctor's note excusing

---

[6] Before the Referee and the Board, Claimant also invoked the exception in subsection (f) of 34 Pa. Code § 65.43a (relating to illness or injury), claiming that he was entitled to backdating due to health issues. However, Claimant has abandoned that exception in his appeal to this Court. *See* Pet. for Review at 1 n.1; Claimant's Br. at 3.

him from wearing the requisite footwear. Claimant contends that he provided two doctor's notes, but Employer did not accept either note.

At the hearing before the Referee, Claimant entered into evidence several documents related to his filing of a union grievance in March 2019, stemming from Claimant's violation of Employer's policy regarding snow cleats. On the grievance form, dated March 9, 2019, Claimant's union representative stated, "[Claimant] presented doctor excuse regarding use of snow/ice cleats. [Claimant] was told excuse not acceptable and sent home until further notice." Notes of Testimony (N.T.), 6/5/19, Ex. C-4. In a March 19, 2019 letter to the union representative denying the grievance, Employer's location manager explained:

> [Claimant] believes that because [he] provided a medical note that [he] would be exempted from wearing required safety equipment.
>
> All First Student locations require shoe cleats when the weather and ground conditions have snow and ice. The number one cause of injury and death in our [c]ompany is slipping/falling. This is a condition of employment. [Employer] has the right to establish reasonable work rules. This rule is solely to protect employees from injury/harm.
>
> [Claimant] presented a note because the shoe grips cause him "pain". We have offered [Claimant] to wear different shoe cleats. He had originally declined this option but during our meeting he appeared to be interested in trying new ones. To date we have not heard from him.

*Id.*, Ex. C-2.

Claimant also testified before the Referee that Employer "told me [during] the second week of March [2019] that I could come back [to work] if I could get a second – another doctor's note. I did so the following week, but they did not accept that

6

[note]." N.T., 6/5/19, at 2.[7] He further testified that Employer's "[m]anager said that if I get a second doctor's note, I could come back to work, which I did the following week, but I still was not allowed to come back to work for like another month or something after that." *Id.* at 3. Claimant contends that this evidence established that Employer erroneously informed him that he would be recalled to work within one week so as to entitle him to backdating under 34 Pa. Code § 65.43a(g). We find this argument to be without merit.

We rejected a similar claim in *Beck v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 459 C.D. 2013, filed September 11, 2013).[8] In *Beck*, the claimant argued that her employer erroneously advised her that she would be recalled to work within one week after she provided a doctor's note stating that she could perform her job safely. Slip op. at 9. The "[e]mployer, however, was not satisfied with this note, and asked her to see [the e]mployer's doctor as well." *Id.* at 2. In concluding that the claimant was not entitled to backdating, we stated:

> [The c]laimant . . . did not present evidence during the hearing before the Referee to support her contention on appeal to this Court that [her e]mployer promised her that she could return to work within one week of providing a doctor's note clearing her to return to her job. At the hearing, [the c]laimant testified that she believed her job would be waiting for her after she provided [her e]mployer with a doctor's note stating that she could safely perform her job duties. *But [the c]laimant did not testify that [the e]mployer advised her that she could return to*

---

[7] The second doctor's note, dated March 20, 2019, stated, "[Claimant] has no acute issues that would prevent him from wearing these shoes." N.T., 6/5/19, at 3 & Ex. C-1.

[8] We cite *Beck* for its persuasive authority, as it is the only case we have found specifically applying the exception in 34 Pa. Code § 65.43a(g). *See* Cmwlth. Ct. Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a) (stating that an unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value only).

*work within one week.* Thus, the Board did not err in not backdating [the c]laimant's application under [34 Pa. Code §] 65.43a(g).

*Id.* at 9 (emphasis added).

Likewise, in this case, Claimant offered no testimony that Employer specifically advised him that he could return to work within one week, as required by 34 Pa. Code § 65.43a(g). Rather, Claimant's testimony merely established that Employer informed him that he needed a doctor's note to return to work. N.T., 6/5/19, at 2. As such, the Board correctly determined that "[C]laimant has not proven that [E]mployer advised [C]laimant he would be guaranteed to be recalled to work within [one] week." Bd.'s Order, 7/19/19, at 1.

Furthermore, in his appeal to the Board, Claimant asserted, for the *first* time, that Employer originally told him that he "would have been recalled to work[] when the weather improved," but then "my boss added on March 14[, 2019] that I would not have been allowed back to work without a doctor's note." R. Item No. 9. Claimant stated that the weather improved one week later, but Employer did not recall him to work until mid-April 2019. *Id.* Thus, by Claimant's own admission, Employer did not tell Claimant that he would be recalled to work within one week, but rather "*when the weather improved.*" Bd.'s Order, 7/19/19, at 1 (emphasis added).[9] Therefore, we agree with the Board that Claimant failed to satisfy the exception in 34 Pa. Code § 65.43a(g).

### Conclusion

We conclude, based on the evidence of record, that Claimant failed to prove that he was entitled to the backdating of claim weeks ending March 9, 2019, March

---

[9] At the Referee's hearing, Claimant offered no testimony or evidence that the weather had actually improved within one week of Employer's alleged statement, nor did the Board make such a finding.

16, 2019, March 23, 2019, and March 30, 2019.  Accordingly, we affirm the Board's Order.

_____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald James Hurlbert,            :
                    Petitioner    :
                                  :
        v.                        :  No. 1101 C.D. 2019
                                  :
Unemployment Compensation         :
Board of Review,                  :
                    Respondent    :


# **O R D E R**


AND NOW, this 13th day of March, 2020, the July 19, 2019 Order of the Unemployment Compensation Board of Review is hereby AFFIRMED.


_____
ELLEN CEISLER, Judge