IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mathias Shappee, Jr.,                          :
                              Petitioner    :
                                         :
       v.                            :    No. 760 C.D. 2024
                                         :
Unemployment Compensation                      :    Submitted: May 6, 2025
Board of Review,                               :
                        Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                      FILED: June 17, 2025

       Mathias Shappee, Jr. (Claimant) petitions for review of the Unemployment Compensation (UC) Board of Review's (Board) May 24, 2024 order affirming the Referee's decision denying his request to backdate his UC benefit claim pursuant to Section 401(c) of the UC Law (Law)[1] and Section 65.43a of the Department of Labor and Industry's (Department) Regulations (Regulations).[2]  After review, we affirm.

## Background

       The relevant facts and procedural history of this case are as follows. Claimant worked for Great Arrow Builders (Employer) as a welder through a union

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c) (relating to qualifications required to secure UC benefits).

[2] 34 Pa. Code § 65.43a (relating to extended filing).

from December of 2018 until April 1, 2022, when he was laid off.  Claimant is a high school graduate and he resided with his parents in their home with his wife during the relevant time period.  Claimant initially attempted to file for UC benefits online and over the telephone but was unsuccessful.  Claimant then sought assistance from a state senator's office in May of 2022 and was able to file for benefits with a UC Service Center employee over the telephone with a claim effective date of May 29, 2022.  (Certified Record (C.R.) at 364.)  His claim application advised him of the weekly reporting requirement to receive benefits[3] and stated as follows:

> **ACKNOWLEDGEMENTS**
>
> You have acknowledged that: . . . .
>
> Beginning this Tuesday you **MUST** file a weekly certification to receive benefits. You can file online at https://benefits.uc.pa.gov. Continue to file each week as long as you do not have a job.  You cannot be paid for any week(s) that you do not claim.

(C.R. at 7) (emphasis in original).  Claimant did not file any claims for benefits between May 29, 2022, and September 17, 2022.  Claimant believed he was receiving UC benefits until his mother informed him in August 2022 that he had not received any deposits into his bank account.

On August 31, 2023, more than one year after he filed the application for benefits, Claimant filed a claim with the UC Service Center requesting that it backdate

---

[3] Section 401(b) of the Law provides that compensation is payable to an employee who has registered for work at an employment office in accordance with the regulations prescribed by the Department.  43 P.S. § 801(b).  The relevant regulation requires a claimant to report to the local office weekly, and is "necessary so that contact between the claimant and the job center is constant and regular, whether it be by mail claims or physical reporting, so as to enable the unemployed to secure employment promptly if a satisfactory job becomes available."  *Menalis v. Unemployment Compensation Board of Review*, 712 A.2d 804, 805 (Pa. Cmwlth. 1998); *see also* 34 Pa. Code § 65.43a(a).

his claim to April 1, 2022, and that he receive back credit for the weeks ending April 3, 2022, through September 17, 2023. In his backdating questionnaire, Claimant advised that he made three unsuccessful attempts to file for benefits in April and May of 2022 before he was approved, twice by telephone and once using the internet. (C.R. at 14.) Claimant explained that he was requesting backdating for his claim

> because [he] was unemployed at that time and [he] believed [he] was eligible for benefits. Because of some error in the system [his] benefit year did not begin on 04/03/2022. . . . Because [he] was a member of a union hiring hall [he] fulfilled all [of his] obligations during those weeks. [He] was required to obtain employment through the union hiring hall.

(C.R. at 15-16.)

On September 1, 2023, the UC Service Center determined that Claimant did not qualify for UC benefits because he did not file for benefits in a timely manner and his reason for requesting backdating did not meet the requirements for approval under Section 401(c) of the Law and Section 65.43a of the Regulations. (C.R. at 22.) Claimant appealed, and a Referee held a hearing on November 20, 2023, at which she heard testimony from Claimant and from Claimant's father, Mathias Shappee, Sr. (Father).

Father testified that Claimant graduated from high school in 2013 and that he had received academic support services throughout his school career because he has a learning disability and attention deficit hyperactivity disorder (ADHD). (Notes of Testimony (N.T.), 11/20/23, at 6.) Father stated that after Employer laid Claimant off, he actively sought work through his union until he was hired by another company on September 17, 2022. Regarding Claimant's efforts to obtain UC benefits, Father testified that he was present when Claimant first attempted to file a claim using his computer on April 3, 2022. Father relayed that Claimant also attempted to file his

3

claim by telephone and then sought assistance from State Senator Michelle Brooks' office before his application was approved in May of 2022. *Id.* at 9-10

Claimant testified that Employer laid him off because it no longer had work for him and explained that he first attempted to file an application for UC benefits online, but received error messages. Claimant indicated that his attempts to apply by telephone were likewise unsuccessful, and he eventually received assistance with his application after he contacted Senator Brooks' office for help. Claimant averred that he received a telephone call from a UC Service Center employee who processed his application and "told [him] (indiscernible) from the union. You don't have to use CareerLinks to search for a job, and you're good to go after that." *Id.* at 16. Claimant testified that he did not discuss the weekly certification requirement at all with this UC Service Center employee.

Claimant recounted that he and his wife were married in August of 2022, and that prior to their wedding his mother helped him with his finances. Claimant testified that after he filed his claim he was not aware that he had not received any UC benefits until August of 2022, when his mother told him no funds had been deposited into his bank account. When asked why he did not file weekly claims after his application was processed in May of 2022, Claimant testified that he did not believe he was required to do so because he was a member of a union. *Id.* at 19-20. He additionally explained that although his mother was named on his bank account, he had access to the account and was involved in paying his bills.

The Referee took the matter under advisement and issued a decision on November 22, 2023, affirming the UC Service Center's decision. In doing so the Referee determined:

4

In the present case, Claimant reported difficulty filing an application for UC benefits, and also reported he did not know he had to file claims to receive benefits. According to the documentation in file, Claimant reported he was not initially aware that his application for UC was unsuccessful. However, in the hearing Claimant reported encountering errors online and being unable to get through when he called. While Claimant, through testimony of his parent and other evidence, reported that he had issues that may have affected his understanding of procedures and/or ability to file for UC benefits, the Claimant is a regular high school graduate and held a job as a welder for over three years. Based on the totality of the evidence, the Referee finds **Claimant's testimony with regard to the number of attempts to file that he made and what occurred when he attempted to file to be not completely credible. The law and regulations allow for late filings in certain circumstances, but the circumstances are limited. Claimant failed to establish that his circumstances meet the requirements to backdate his claim, and to allow for backdated benefits**. Based on the foregoing, the UC Service Center's determination is correct.

(C.R. at 366) (emphasis added).

Claimant appealed to the Board, which adopted the Referee's findings and conclusions and affirmed the Referee's decision on May 24, 2024. The Board concluded:

[C]laimant testified that he had difficulty with the application for UC benefits, and therefore did not know he had to file claims to receive benefits. While [C]laimant and [Father] testified that [C]laimant may have had trouble understanding the application, [C]laimant did graduate from high school and has held a job for three years. Additionally, [C]laimant's reason for backdating does not meet the requirements under which backdating for a week or weeks could be allowed.

5

(C.R. at 354-55.)  This appeal followed.[4]

## Discussion

On appeal, Claimant contends the Board erred in denying his request to backdate his application for UC benefits because his attempts to apply for benefits were stymied by technical difficulties.  Claimant further maintains that the UC Service Center employee who processed his application misinformed him that he did not need to file weekly claims for benefits because he was a union member.  Claimant requests that we remand this case to the Board for further consideration because the Referee's decision lacked any meaningful credibility determinations and the Board mischaracterized his testimony.  (Claimant's Brief, at 15, 21-25 29-32.)

We begin by emphasizing that it is a claimant's responsibility to contact the Department personally to file a claim for benefits and to comply with reporting requirements. *Mitcheltree v. Unemployment Compensation Board of Review*, 635 A.2d 701, 704 (Pa. Cmwlth. 1993).  Section 401 of the Law sets forth employee qualification requirements to secure UC benefits and states in pertinent part:

> Compensation shall be payable to any employe who is or becomes unemployed, and who--
> . . . .
>
> (c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment[.]

---

[4]"This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence." *Rivera v. Unemployment Compensation Board of Review*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024).  In UC cases, the Board is the ultimate factfinder and resolves issues of credibility and conflicting evidence. *Id.*  We are bound by those findings, provided they are supported by substantial evidence. *Id.*

43 P.S. § 801(c).

"The Department has promulgated regulations governing the procedures for applying for unemployment benefits and establishing the circumstances where backdating of an application is allowed." *Egreczky v. Unemployment Compensation Board of Review*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017). The regulation addressing claim filing requires that, "[f]or a week in which a claimant was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week." *Id.* (quoting 34 Pa. Code § 65.43a(a)).

"The general rule in cases involving late filing for [UC] benefits is that a claimant who files late is ineligible, unless misled by [UC] officials." *Snipas v. Unemployment Compensation Board of Review*, 401 A.2d 888, 889 (Pa. Cmwlth. 1979); *see also Strichko v.Unemployment Compensation Board of Review*, 547 A.2d 496, 497 (Pa. Cmwlth. 1988) (stating "[t]his [C]ourt has held that a claimant who files late is ineligible for [UC] benefits, unless misled by [UC] officials" in affirming the Board's determination that the claimant was not misled by UC personnel with regard to proper reporting requirements).

Additionally, Section 65.43a(c) of the Regulations addresses backdating and provides:

> **The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e)**. The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).

34 Pa. Code § 65.43a(c) (emphasis added).

In turn, Section 65.43a(e) lists the acceptable reasons for backdating an application for UC benefits and states in relevant part:

| Reason [for Late Filing] | Number of weeks [that can be Backdated] |
| --- | --- |
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used. | 2 |
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |

34 Pa. Code § 65.43a(e).

It is well settled that a claimant bears the burden of establishing that his application satisfies the requirements for backdating a claim for UC benefits. *Egreczky*, 183 A.3d at 1106. Additionally, a **"claimant's ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the Board's decision**." *Naborn v. Unemployment Compensation Board of Review*, 246 A.3d 373, 380 (Pa. Cmwlth. 2021) (emphasis added).

Here, Claimant does not invoke any of the enumerated reasons set forth in Section 65.43a(e) and does not discuss the regulation at all in his brief. Moreover, it is clear from the record, as the Referee and the Board found, that none of the circumstances of this case permit backdating Claimant's application for benefits under this section.

We note concerning Claimant's argument that technical difficulties prevented him from timely filing an application for benefits, the Referee specifically found "Claimant's testimony with regard to the number of attempts to file that he made and what occurred when he attempted to file to be not completely credible." (C.R. at

366.) The Board expressly adopted the Referee's findings and conclusions, and, as previously noted, the Board is the ultimate factfinder in UC cases and resolves any issues of credibility. *See Rivera*, 310 A.3d at 352 n.4; *see also Strichko*, 547 A.2d at 497 ("It is well established that the credibility of witnesses is for the Board to determine.").

With respect to Claimant's argument that UC officials misled him to believe that he was not required to file weekly claims because he was a union member (relying on *Snipas*, 401 A.2d at 889), his contention is undercut by the fact that his claim application stated in bold, capital lettering:

> **ACKNOWLEDGEMENTS**
>
> You have acknowledged that: . . . .
>
> Beginning this Tuesday you **MUST** file a weekly certification to receive benefits. You can file online at https://benefits.uc.pa.gov. Continue to file each week as long as you do not have a job. You cannot be paid for any week(s) that you do not claim.

(C.R. at 7) (emphasis in original). Therefore, he was not only advised of the weekly certification requirement, but was provided with instructions on how to file it and the consequences of failing to file, *i.e.*, that he would not be paid for any weeks he did not claim.

Moreover, Claimant's own testimony at the hearing does not support his claim that UC officials misled him concerning the weekly filing requirement. Instead, he expressly testified that he did not discuss this process with the UC Service Center employee who processed his application **at all** during the telephone call. Rather, his union membership came up in their conversation in the context of the job search requirement when the UC Service Center employee advised, "You don't have to use

9

CareerLinks **to search for a job**" because he was a union member. (N.T., at 16) (emphasis added). Thus, Claimant's argument that UC officials misled him concerning the weekly filing requirement is belied by the record.

Finally, as to Claimant's request that we remand this case to the Board for further consideration, we decline his invitation as our review demonstrates that the parties fully developed the backdating issue during the proceedings and that the Referee and the Board properly determined after careful consideration that he is not entitled to backdating under Section 401(c) of the Law and Section 65.43a of the Regulations. Accordingly, we affirm the order of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mathias Shappee, Jr., :
          Petitioner :
 :
    v. : No. 760 C.D. 2024
 :
Unemployment Compensation :
Board of Review, :
          Respondent :

## ***ORDER***

AND NOW, this 17th day of June, 2025, the Unemployment Compensation Board of Review's May 24, 2024 order is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge