IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Miesha Miller, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 1404 C.D. 2024 |
| | : | 1499 C.D. 2024 |
| Unemployment Compensation | : | Submitted: December 8, 2025 |
| Board of Review, | : | |
| Respondent | : | |

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge (P.)
HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: April 9, 2026

In this consolidated matter, Miesha Miller (Claimant), pro se, seeks review of two Orders of the Unemployment Compensation (UC) Board of Review (Board), dated August 29, 2024, affirming decisions by a Referee, which denied Claimant's requests to backdate her claim. Because Claimant's reason for backdating the claim is not one of the enumerated reasons that are permitted, we are constrained to affirm the Board's Orders.

On April 2, 2024, Claimant filed a claim seeking UC benefits. (Certified Record (C.R.) at 3-13, 163-181.)[1] In her application for benefits, Claimant listed

---

[1] The Certified Record contains two Board dockets. The first is for Board Docket No. 2024004572-BR, which is the subject of review in 1404 C.D. 2024. (C.R. at 1-160.) The second is for Board Docket No. 2024004573-BR, which is the subject of review in 1499 C.D. 2024 and **(Footnote continued on next page…)**

December 21, 2023, as her last day of work with her former employer, the United States Department of the Treasury (Employer).  (*Id.* at 10, 20, 179, 192.)  She requested to backdate the claim from December 24, 2023, through March 30, 2024.  (*Id.* at 30, 191.)  Pertinent to this appeal, the reason Claimant provided for backdating her claim was she "was on Medical Leave of Absence and was not able to work. [She] was under a Doctor[']s care and i[s] still under medical supervision."  (*Id.* at 32, 193.)

Claimant's request was initially denied by a UC Service Center as the "reason for requesting backdating d[id] not meet the requirements for approval."  (*Id.* at 35, 196.)  Claimant filed an appeal, and a consolidated telephone hearing was scheduled before a Referee.  (*Id.* at 52-54, 69-83, 213-15, 228-42.)  At the hearing, Claimant confirmed her last day of employment was December 21, 2023.  (*Id.* at 95, 254.)  Claimant reached a settlement agreement with Employer in March 2024 and filed for UC benefits.  (*Id.* at 99, 258.)  When asked by the Referee as to why she wanted to backdate the claim, Claimant responded, "well, I wasn't working at the time."  (*Id.* at 100, 259.)  Claimant asserted Employer refused to accommodate her medical restrictions.  (*Id.*)

Following the hearing, the Referee issued a decision, denying Claimant's request to backdate her claim.  The Referee cited Department of Labor and Industry (Department) regulations regarding the timing of filing claims and found Claimant did not timely file for benefits after her separation from employment.  (*Id.* at 106-07, 265-66.)  The Referee further found Claimant did not meet any of the exceptions in the regulations that would permit backdating.  (*Id.* at 107, 266.)  Thus, the Referee

---

begins on page 161 of the Certified Record.  (*Id.* at 161-325.)  As indicated in the Board's Application for Consolidation, which the Court granted, the records are nearly identical, a single hearing was held, and identical decisions were issued.

affirmed the UC Service Center's determination and denied Claimant's request to backdate her claim for the weeks ending December 30, 2023, through March 30, 2024. (*Id.* at 108, 267.)

Claimant timely appealed to the Board. (*Id.* at 118-20, 277-79.) Upon review of the record, the Board adopted and incorporated the Referee's findings and conclusions and affirmed the Referee's Decision. (*Id.* at 130-31, 289.) The Board explained that "[C]laimant did not provide credible evidence to establish her eligibility for backdating her claim under any of the criteria set forth in 34 Pa. Code § 65.53a," the Department's regulation. (*Id.* at 130, 289.) Claimant sought review by this Court, which consolidated the matters.

Before this Court,[2] Claimant argues she did not work after December 21, 2023, and she expected to return but was unable to do so because of her medical condition. Claimant further argues she did not know she would be forced to resign until March 30, 2024. Thus, in Claimant's view, she "effectively was unemployed as of December 21, 2023, and her claim for benefits should be considered to have arisen on that date." (Claimant's Brief at 6.)[3]

The Board responds that under the Unemployment Compensation Law (UC Law)[4] and the Department's regulations, backdating of claims is only permitted in

---

[2] "Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[3] Claimant devotes a large amount of her brief arguing she was able and available for work and she was not discharged for willful misconduct. Neither of those issues is before this Court in these matters. The Board indicates in its brief that Claimant has also sought review of two determinations related to her **eligibility**, which are separately docketed at 1777 and 1778 C.D. 2024. We note that the Court granted the Board's Applications for Remission of the Appeal in both of those matters on October 6, 2025.

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

3

specific circumstances, none of which are present here. Therefore, it requests affirmance of its Orders.

Section 401(c) of the UC Law provides:

> Compensation shall be payable to any employe who is or becomes unemployed, and who . . . [h]as made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment.

43 P.S. § 801(c). The Department's regulation at 34 Pa. Code § 65.43a sets forth the time limits for filing a claim and provides for limited exceptions to those timeframes. Those exceptions are set forth in the following table:

| *Reason* | *Number of weeks* |
| --- | --- |
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used. | 2 |
| A UC office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |

4

> During the period following the issuance of the March 6, 2020 Proclamation of Emergency Disaster, issued under 35 Pa.C.S. § 7301 (relating to general authority of Governor) due to the novel coronavirus (COVID-19) global pandemic, until the end of the current "high unemployment" period, as that term is defined in [S]ection 405-A(a.1)(2) [of the UC Law] (43 P.S. § 815(a.1)(2)).

34 Pa. Code § 65.43a(e). Paragraph (f) of the regulation also provides that "[i]f a claimant fails to file a claim for compensation within the time allowed . . . due to the claimant's illness or injury, the time for filing the claim is extended until the last day of the second week after the incapacity ends." 34 Pa. Code § 65.43a(f). In addition, paragraph (g) provides that "[t]he Department will deem an application for benefits to be filed no more than 2 weeks prior to the week in which it actually is filed if the claimant did not file the application earlier because an employer erroneously advised the claimant that the claimant would be recalled to work within 1 week." 34 Pa. Code § 65.43a(g). It is a claimant's burden to establish that they are entitled to have their benefits backdated. *Egreczky v. Unemployment Comp. Bd. of Rev.*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017).

Here, there is no assertion the Department played a part in any way for Claimant not filing her claim earlier. Nor does the last exception related to COVID-19 apply. Claimant makes numerous allegations as to her medical condition, but at no time contends it prevented her from timely filing a claim to invoke Section 65.43a(f). In her brief, Claimant suggests she thought she would be returning to work, but Section 65.43a(g) would not apply because even if Employer suggested this to Claimant, it only applies if the claimant erroneously was advised she would be recalled to work within one week, not three months, like here.

5

Thus, the only possible exception to permit backdating the claim is "if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant." 34 Pa. Code § 65.43a(e). It appears Claimant misunderstood or was mistaken as to her eligibility. Unfortunately, a "[c]laimant's ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the [Board's] decision." *Naborn v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 373, 380 (Pa. Cmwlth. 2021); *see also Gamble v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 847 C.D. 2024, filed June 11, 2025), slip op. at 7 (affirming the Board's denial of a backdating request when the claimant asserted he was unaware he was eligible for benefits).[5]

While we are sympathetic to Claimant's plight, we cannot say the Board erred or abused its discretion, as it properly applied its regulation. Accordingly, we are constrained to affirm.

RENÉE COHN JUBELIRER, President Judge

---

[5] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Miesha Miller, : CASES CONSOLIDATED
                Petitioner :
                 :
           v. : Nos.  1404 C.D. 2024
                 :        1499 C.D. 2024
Unemployment Compensation :
Board of Review, :
                Respondent :

# **O R D E R**

**NOW**, April 9, 2026, the Orders of the Unemployment Compensation Board of Review, entered in the above-captioned matters, are **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge