635 A.2d 701

**George T. MITCHELTREE, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 8, 1993.

Decided Dec. 17, 1993.

574

Allan J. Opsitnick, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, KELLEY, J., and DELLA PORTA, Senior Judge.

KELLEY, Judge.

George T. Mitcheltree (claimant) appeals from an order of the Unemployment Compensation Board of Review (board).

Claimant filed an application for benefits with the Office of Employment Security (OES) on June 22, 1992, effective March 1, 1992, for the waiting week ending March 7, 1992. The OES issued a determination (1) denying claimant's request for benefits under the Unemployment Compensation Law,[1] sections 402(a),[2] 402(c),[3] and 4(w)(1),[4] with respect to claimant's application for benefits dated March 1, 1992; and (2) granting claimant's request for benefits under sections 401(d)(1)[5] and

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

2. 43 P.S. § 802(a). Section 402(a) provides:
   An employe shall be ineligible for compensation for any week—
   (a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment officer or by any employer. . . .

3. 43 P.S. § 801(c). Section 401(c) provides:
   Compensation shall be payable to any employe who is or becomes unemployed, and who—
   . . . .
   (c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department.

4. 43 P.S. § 753(w)(1). Section 4(w)(1) provides:
   A **"Valid Application for Benefits"** means an application for benefits on a form prescribed by the department, which is filed by an individual, as of a day not included in the benefit year previously established by such individual, who (1) has been separated from his work or who during the week commencing on the Sunday previous to such day has worked less than his full time due to lack of work and (2) is qualified under the provisions of section four hundred and one (a), (b) and (d).

5. 43 P.S. § 801(d)(1). Section 401(d)(1) provides:
   Compensation shall be payable to any employe who is or becomes unemployed, and who—
   . . . .
   (d)(1) Is able to work and available for suitable work. . . .

4(w)(1) of Law with respect to claimant's application for benefits dated June 22, 1992.

Claimant appealed the OES determination to the referee. After a hearing, the referee ordered that (1) the determination of the OES as it relates to section 4(w)(1) of the Law in regards to claimant's application for benefits effective June 21, 1992, is affirmed and claimant has a valid application for benefits effective that date; (2) the determination of the OES as it relates to section 401(d)(1) of the Law is affirmed and benefits are allowed; (3) the determination of the OES as it relates to claimant's application for benefits effective March 1, 1992, under the provision of sections 4(w)(1) and 401(c) of the Law is affirmed, and claimant's application for benefits effective March 1, 1992, is invalid, waiting week credit for the week ending March 7, 1992, is disapproved and claimant is ineligible for benefits for the compensable weeks ending March 14, 1992 through July 4, 1992; and (4) the determination of the OES as it relates to claimant's separation from employment is affirmed, as modified, and benefits are denied under section 402(e) of the Law.[6]

Claimant appealed the referee's order to the board. The board made the following findings of fact:

1. Claimant was last employed as a laborer by All Tech Abatement for 5 years at a final rate of $14.67 per hour and his last day of work was March 3, 1992.

2. On March 8, 1992, the claimant was to return to work, and was scheduled to go on a job assignment in the state of Florida.

3. On March 6, 1992, the claimant informed the employer's personnel administrator that he was having problems with having enough money to meet expenses for the upcoming Florida assignment on March 8, 1992.

6. 43 P.S. § 802(e). Section 402(e) provides that:
   An employe shall be ineligible for compensation for any week—
   . . . .
   (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act. . . .

4. After making unsuccessful attempts to find living arrangements in Florida the claimant informed the employer that he would not be going to Florida on his job assignment.

5. On March 13, 1992, the employer discharged the claimant for not going on the Florida job assignment.

6. On June 22, 1992, the claimant reported to the Office of Employment Security and requested to file an application for benefits effective March 1, 1992, and also requested back-credit for the compensable weeks ending March 7, 1992 through June 20, 1992.

7. The claimant had not filed for benefits prior to June 22, 1992 as he did not think he would be eligible for benefits based on information he had received from the employer.

8. At no time prior to June 22, 1992 had the claimant contacted the Office of Employment Security in regards to filing an application for benefits.

9. The claimant was not misled or misinformed by the Office of Employment Security in regards to his reporting requirements.

10. The claimant is able and available for work, did file a valid application for benefits effective June 2, 1992.

Based upon the above findings of fact, the board, in its opinion, concluded that claimant's application for benefits effective March 1, 1992 was invalid, that waiting week credit for the week ending March 7, 1992 was denied, and that claimant was ineligible for benefits for the compensable weeks ending March 14, 1992 through July 4, 1992, under sections 4(w)(1) and 401(c) of the Law and sections 65.33, 64.41, and 65.51 of Chapter 34 of the Pennsylvania Code. The board also concluded that claimant filed a valid application for benefits effective June 21, 1992 under the same sections of the Law and that since claimant was able and available for work, he was eligible for benefits under section 401(d)(1) of the Law. Finally, the board concluded that claimant was not disqualified from receiving benefits under section 402(e) of the Law.

However, the board's order provided that "[t]he decision of the Referee is affirmed and benefits are denied." This appeal followed.

On appeal to this court, claimant raises the following issues:

1. Whether claimant's claim is entitled to back-dating;

2. Whether the decision of the board denying claimant benefits was arbitrary, capricious and inconsistent; and

3. Whether claimant's failure to report for a work assignment due to substantial financial difficulties rose to the level of "willful misconduct" so as to deny him unemployment compensation benefits.

Our scope of review is limited to determining whether constitutional rights have been violated, errors of law committed, or whether necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

Claimant argues that his claim is entitled to back-dating to March 1, 1992, because his failure to file an application for benefits was due to the misrepresentation of his employer. Under the Law, compensation shall be payable to any employee who becomes unemployed and has made a valid application for benefits in the proper manner and on the form prescribed by the department. Section 401(c) of the Law, 43 P.S. § 801(c). Claims for compensation for each week of unemployment shall be filed personally by the claimant on official forms available for that purpose at local public employment offices. 34 Pa.Code §§ 65.31–65.32.

The regulations outline the situations in which a claim for compensation may be back-dated. Under 34 Pa.Code § 65.33, a claim may be back-dated if the claimant was prevented, through no fault of his own, from filing his claims during the week immediately subsequent to the week for which the claim is filed because of one of several reasons.[7] However, the

7. 34 Pa.Code § 65.33, **Predating,** provides:

reasons enumerated in 34 Pa.Code § 65.33 do not include misrepresentations by a claimant's employer.

Claimant contends that his sole reason in not filing an application for benefits was due to the misrepresentation of his employer, All Tech Abatement. While this court does not condone an employer misleading a claimant concerning his eligibility for unemployment compensation benefits, it is the responsibility of the claimant to contact the OES personally to file a claim for benefits and to comply with reporting requirements. *See* Section 401(b) of the Law, 43 P.S. § 801(b); 34 Pa.Code § 65.31; *Regoli v. Unemployment Compensation Board of Review*, 58 Pa.Commonwealth Ct. 425, 427 A.2d 1275

(a) A claim for a week of total, partial, or part-total unemployment may be deemed to be constructively filed as of the first day of a calendar week previous to the week which includes the day on which it is actually filed when, in the opinion of the Bureau, the claimant was prevented, through no fault of his own, from filing his claims during the week immediately subsequent to the week for which the claim is filed because of one or more of the following reasons:

(1) The inability of the local public employment office to handle currently all claims, or the postponement of claims-taking by the local office for administrative reasons shall permit not more than 6 weeks of predating.

(2) The inaccessibility of the office in isolated areas, or the infrequency of the periodic itinerant service established for the area in which the claimant resides shall permit not ore than 2 weeks of predating.

(3) The closing of an office due to a holiday or by official pronouncement shall permit not more than 2 weeks of predating.

(4) The refusal of an office to accept a claim as a result of an error or mistake shall permit not more than 52 weeks of predating.

(5) Sickness or death of another member of the claimant's immediate family or an act of God shall permit not more than 2 weeks of predating, provided the claimant was available for work during the week for which the claim is being filed.

(6) Illness or injury which incapacitates the claimant shall permit predating for the duration of the incapacitation plus 2 weeks but in no instance for more than 52 weeks, provided the claimant meets the eligibility requirements during the week for which the claim is being filed.

(7) If the claimant is employed not more than 4 weeks of predating shall be permitted. Where a claimant is filing claims for partial or part-total benefits not more than 4 weeks predating shall be permitted, commencing with the date on which the employer paid wages for the claim week in question.

(8) An appeal of a claimant from disqualification may permit not more than 4 weeks of predating while the appeal is pending.

(1981); *Zinicola v. Unemployment Compensation Board of Review,* 47 Pa.Commonwealth Ct. 154, 407 A.2d 474 (1979).

The board found that claimant failed to contact the OES to file a claim prior to June 22, 1993, and that claimant was not mislead or misinformed by the OES in regards to his reporting requirements. *Strichko v. Unemployment Compensation Board of Review,* 119 Pa.Commonwealth Ct. 371, 547 A.2d 496 (1988) (claimants may be eligible for back-dating where they have been misinformed or misled by the department's representatives). In addition, the board found that claimant did file a valid application effective June 21, 1993. These findings are supported by substantial evidence.

■ Next, claimant argues that the board's decision and order are inconsistent. We agree. First, the board's decision holds that claimant filed a valid application for benefits effective June 21, 1992, but also holds that claimant is ineligible for benefits for the compensable weeks ending March 14, 1992 through July 4, 1992, without any explanation as to why claimant is not eligible for benefits until after July 4, 1992, instead of effective June 21, 1992.

Second, the board's decision holds that claimant is not disqualified from receiving benefits under sections 402(e) and 401(d)(1) of the Law. The referee ordered that claimant be denied benefits under section 402(e) of the Law due to claimant's willful misconduct. However, the board's order affirms the decision of the referee and denies benefits.

Accordingly, this court affirms the board's order with respect to the denial of claimant's back-dating request, but due to the inconsistency in the board's decision and its order, remands this case to the board for a determination of benefits after June 21, 1992, under sections 402(e) and 401(d)(1) of the Law.

## ORDER

NOW, this 17th day of December, 1993, the order of the Unemployment Compensation Board of Review, dated March

24, 1993, at No. B–310527, is affirmed with respect to invalidating George T. Mitcheltree's application for benefits effective March 1, 1992, and disapproving waiting week credit for the week ending March 7, 1992, and is vacated with respect to compensable weeks after June 21, 1992. It is further ordered that this matter is remanded to the Unemployment Compensation Board of Review for a determination of benefits for compensable weeks after June 21, 1992 under section 402(e) and 401(d)(1) of the Unemployment Compensation Law.

Jurisdiction relinquished.