## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cynthia A. Kreiser, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 1226 C.D. 2016 |
| Respondent | : | Submitted: January 13, 2017 |


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: April 17, 2017


Cynthia A. Kreiser (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) June 30, 2016 order affirming the Referee's decision denying her UC benefits under Section 401(c) of the UC Law (Law).[1]  The sole issue before the Court is whether the UCBR erred in concluding that Claimant was not entitled to backdate her February 10, 2016 UC claim to November 29, 2015.[2]  After review, we affirm.

Claimant is employed as a full-time police officer for the City of Harrisburg (Employer).  Claimant took a medical leave of absence on November 15, 2015 for knee surgery which was necessitated by a non-work related accident.  Claimant was released to return to light-duty/desk-duty (sedentary) work on

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801(c) (relating to a valid application for UC benefits).

[2] Claimant originally wanted to backdate her UC claim to November 22, 2015, but has since changed it to November 29, 2015, as Claimant was released to light-duty/desk-duty work on November 30, 2015.

November 30, 2015. However, pursuant to the Collective Bargaining Agreement (CBA) between Employer and Union, of which Claimant was a member, only officers injured while on duty are permitted to return to sedentary work. In January 2016, a co-worker informed Claimant that she was eligible for UC benefits for the time she was medically released to return to work but not permitted to do so under the CBA.

Claimant filed an application for UC benefits on February 10, 2016. On March 14, 2016, Claimant requested to backdate her application for the UC benefits as of the time that she was released to return to sedentary work. On March 17, 2016, the Altoona UC Service Center determined that Claimant was ineligible for UC benefits under Section 401(c) of the Law. Claimant appealed, and a Referee hearing was held. On April 27, 2016, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On June 30, 2016, the UCBR adopted and incorporated the Referee's factual findings and legal conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[3]

Claimant argues that she should be permitted to backdate her UC application because Employer did not inform her that she was entitled to UC benefits. We disagree.

"While this [C]ourt does not condone an employer misleading a claimant concerning h[er] eligibility for [UC] benefits, **it is the responsibility of the claimant to contact the [Department of Labor & Industry (Department)] personally to file a claim for benefits and to comply with reporting requirements**." *Mitcheltree v.*

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

*Unemployment Comp. Bd. of Review,* 635 A.2d 701, 704 (Pa. Cmwlth. 1993) (emphasis added).

> Section 401 of the Law states, in relevant part:
>
> Compensation shall be payable to any employe who is or becomes unemployed, and who--
>
> . . . .
>
> (c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment[.]

43 P.S. § 801. Further, Section 65.42 of the Department's Regulations provides: "An application for benefits is effective on the first day of the calendar week in which the application is filed or deemed filed in accordance with [Section 65.43a of the Department's Regulations, 34 Pa. Code] § 65.43a (relating to extended filing), whichever is earlier." 34 Pa. Code § 65.42. The only exceptions for extension are enumerated in Section 65.43a of the Department's Regulations, which specifies in pertinent part:

> (a) For a week in which a claimant was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week. If the earliest week for which a claim for compensation is filed in accordance with this subsection precedes the week in which the claimant's application for benefits is filed or deemed filed, as determined without regard to this subsection, the Department will deem the application to be filed during the earliest week for which a claim is filed.
>
> . . . .
>
> (c) The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e). The Department will deem the application to be filed during the week that precedes the

3

week of actual filing by the number of weeks indicated in subsection (e).

(d) If a claimant fails to file a claim for compensation within the time allowed in subsection (a) or (b) or [Section 65.43 of the Department's Regulations, 34 Pa. Code] § 65.43 (relating to claims for compensation--when to file), for a reason listed in subsection (e), the time for filing the claim is extended for the number of weeks indicated in subsection (e).

(e) For purposes of subsections (c) and (d) the number of weeks is determined as follows:

| Reason | Number of weeks |
| --- | --- |
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used. | 2 |
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so | 2 |

4

through no fault of the claimant.

. . . .

(g) The Department will deem an application for benefits to be filed no more than 2 weeks prior to the week in which it actually is filed if the claimant did not file the application earlier because an employer erroneously advised the claimant that the claimant would be recalled to work within 1 week.

(h) If two or more of the reasons enumerated in subsections (e) and (f) have prevented a claimant from filing a claim for compensation within the time allowed in subsection (a) or (b) or [Section 65.43 of the Department's Regulations], the longest extension applies. If adherence to the longest extension would be inequitable to the claimant, the sum of the applicable extensions applies.

(i) Notwithstanding any provision of this section, the Department may not extend the time for filing a claim for compensation more than 52 weeks and may not deem an application for benefits to be filed in a week included in a previous benefit year.

34 Pa. Code § 65.43a.

Here, Claimant asserts that because Employer did not advise her that she could receive UC benefits for the weeks she was released to return to sedentary work, she should be permitted to backdate her UC application. However, because it was Claimant's responsibility to ascertain whether she was entitled to UC benefits, *Mitcheltree,* and her reason for not timely applying does not fall within an exception listed in Section 65.43(a)(e) of the Department's Regulations, the UCBR properly denied Claimant's request to backdate her UC application.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

Judge Cosgrove concurs in the result only.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cynthia A. Kreiser,                         :
                        Petitioner          :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :       No. 1226 C.D. 2016
                        Respondent          :

## O R D E R

AND NOW, this 17th day of April, 2017, the Unemployment Compensation Board of Review's June 30, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge