IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David R. Freiman,              :
        Petitioner    :
                        :
      v.            :    No. 1408 C.D. 2024
                        :
Unemployment Compensation   :    Submitted: February 3, 2026
Board of Review,          :
        Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED: March 17, 2026

David Freiman (Claimant), *pro se*, petitions for review of the August 28, 2024 order of the Unemployment Compensation (UC) Board of Review (Board) denying his request to backdate his UC benefits claim pursuant to Section 401(c) of the UC Law (Law)[1] and Section 65.43a of the Department of Labor and Industry's (Department) regulations.[2] After review, we affirm.

## I.   Factual and Procedural History

Claimant worked for Wells Fargo in Philadelphia as a full-time financial services sales agent. (Certified Record (C.R.) at 3.) In January of 2024, Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c) (relating to qualifications required to secure UC benefits).

[2] 34 Pa. Code § 65.43a (relating to extended filing).

received an offer of employment with Truist Bank. (C.R. at 131.) Truist originally wanted him to start in January, but after further negotiations, it was agreed that Claimant would begin his employment with Truist in March of 2024. *Id.* On February 8, 2024, Wells Fargo terminated Claimant's employment. (C.R. at 127.) When Claimant informed Truist that Wells Fargo had terminated his employment, Truist delayed his start date until it could review documentation from Wells Fargo stating the reason for his termination. (C.R. at 130.) One month after his termination, on March 7, 2024, Claimant applied for UC benefits. (C.R. at 7.) On March 15, 2024, Truist rescinded Claimant's offer of employment. (C.R. at 131-32.)

On March 29, 2024, Claimant filed a request with the UC Service Center to backdate his claim so that he could receive benefits for the claim weeks ending February 24, 2024, and March 2, 2024. (C.R. at 17.) In his backdating request, Claimant gave the following as the reason for his request: "I thought I had to wait a couple of weeks before I filed for unemployment." (C.R. at 19.) On April 9, 2024, Claimant filed a second request to backdate his claim to include an earlier week, the week ending February 17, 2024. (C.R. at 20-23.) In his second backdating request, he provided the same reason for his request. (C.R. at 23.)

On April 11, 2024, the UC Service Center issued a determination informing Claimant that his requests for backdating had been denied. (C.R. at 25.) On April 15, 2024, Claimant timely appealed the UC Service Center's determination denying his request for backdating to the UC Referee (Referee). (C.R. at 42.) On June 12, 2024, the Referee held a hearing at which Claimant testified. The Department did not participate. (C.R. at 61; C.R. at 122-145 (Transcript of Hearing and Exhibits).)[3] At the hearing, Claimant acknowledged that while he was terminated by Wells Fargo and

---

[3] We note that the Referee's decision predates the Referee's hearing date. According to the record, this was the result of a clerical error. (C.R. at 123.)

had his final day of work on February 8, 2024, he did not file for UC benefits until March 7, 2024, approximately one month later. (C.R. at 127-29.) Claimant stated that he did not file for benefits sooner because

> there was a lot of back and forth between Truist and me in regard[] to when my start date would be moved to. . . . So that was also part of the delay in thinking that I even needed to file because I didn't think I would be unemployed – just on vacation in between jobs.

(C.R. at 134.)

The Referee took the matter under advisement and issued a decision affirming the UC Service Center's determination. (C.R. at 112.) The Referee found that Claimant filed his UC application on March 7, 2024, (Finding of Fact (F.F.) No. 1; C.R. at 110), and later requested that his UC application be backdated to be effective February 11, 2024. (F.F. No. 2.) The Referee concluded that Claimant had failed to establish that he filed or tried to file for UC benefits earlier or that his claim could be backdated for any of the reasons set forth in the Department's regulations. (C.R. at 111.) The Referee therefore found that his claim remains effective the Sunday beginning the week in which it was filed, which was March 3, 2024. (C.R. at 111-12.)

On June 21, 2024, Claimant timely appealed the Referee's decision to the Board. (C.R. at 146.) On August 28, 2024, the Board issued its decision in which it adopted and incorporated the Referee's findings and conclusions, but also made additions and modifications therein. (C.R. at 159.) The Board added the following two factual findings: "[Claimant] did not initially file for UC because he had accepted an offer for another job which was then withdrawn in March 2024," and "[Claimant] filed his UC claim either online or over the phone." *Id*. The Board then stated:

> Here, [Claimant] did not show that he qualified for any of the backdating criteria set forth by [the Department's regulations], because ultimately, [Claimant's] delay in filing for benefits was due to circumstances under his control. As

3

such, the Referee must be affirmed, and [Claimant's] request to backdate his claim must be denied.

(C.R. at 159-60.) This appeal followed.[4]

## II. Discussion

Section 401 of the Law sets forth employee qualification requirements to secure UC benefits and states in pertinent part:

> Compensation shall be payable to any employe who is or becomes unemployed, and who--
>
> . . . .
>
> (c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment[.]

43 P.S. § 801(c).

In addition, the Department has promulgated regulations governing the procedures for applying for UC benefits and establishing circumstances where backdating of an application is allowed. Section 65.42 provides that "[a]n application for benefits is effective on the first day of the calendar week in which the application is filed or deemed filed in accordance with § 65.43a." 34 Pa. Code § 65.42. Section 65.43

---

[4] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Law, 2 Pa.C.S. § 704; *Devine v. Unemployment Compensation Board of Review*, 101 A.3d 1235, 1237 n.2 (Pa. Cmwlth. 2014). In UC cases, the Board is the ultimate factfinder and resolves issues of credibility and conflicting evidence. *Rivera v. Unemployment Compensation Board of Review*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024). We review the evidence in the light most favorable to the prevailing party before the Board, and give it the benefit of all reasonable inferences to be drawn from the evidence. *Johnson v. Unemployment Compensation Board of Review*, 502 A.2d 738, 740 (Pa. 1986).

provides that "[a] claimant shall file a claim for compensation for a week no later than the last day of the second week after the end of the week claimed." 34 Pa. Code § 65.43.

The regulation addressing claim filing requires that, "[f]or a week in which a claimant was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week." 34 Pa. Code § 65.43a(a). Additionally, Sections 65.43a(c)-(d) of the regulations address backdating and provide:

> (c) **The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e).** The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).
>
> (d) If a claimant fails to file a claim for compensation within the time allowed in subsection (a) or (b) or § 65.43 (relating to claims for compensation--when to file), for a reason listed in subsection (e), the time for filing the claim is extended for the number of weeks indicated in subsection (e).

34 Pa. Code § 65.43a(c)-(d) (emphasis added).

In turn, Section 65.43a(e) lists, in pertinent part, the specific reasons that must be proven in order for a claimant to qualify for backdating of an application for UC benefits. It also lists the number of weeks for which backdating is allowed for each reason. These reasons are:

| Reason | Weeks |
|---|---|
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 | 2 |

5

(relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used.

| | |
|---|---|
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |
| During the period following the issuance of the March 6, 2020 proclamation of Emergency Disaster, issued under 35 Pa.C.S. §7301 (relating to general authority of Governor) due to the novel coronavirus (COVID-19) global pandemic, until the end of the current "high unemployment" period, as that term is defined in section 405-A(a.1)(2) (43 P.S. § 815(a.1)(2)). | 52 |

34 Pa. Code § 65.43a(e).[5]

As the listed permissible reasons set forth in Section 65.43a(e) make clear, backdating is only allowed for a small number of specific reasons such as the sickness or death of a close family member, an act of God, or some mistake or wrongdoing on

_____

[5] In addition, subsection (f) permits extended filing when a claimant is unable to file a claim for benefits within the time allowed due to illness or injury. 34 Pa. Code 65.43a(f). Subsection (g) provides that the Department will deem an application for benefits filed no more than 2 weeks prior to the week in which it is actually filed if the claimant did not file the application earlier because an employer erroneously advised the claimant that the claimant would be recalled to work within 1 week. 34 Pa. Code § 65.43a(g). Neither of these provisions, however, apply in the instant case.

the part of the Department, such as refusing to accept or process a claimant's application for benefits or providing misleading advice.

On appeal, Claimant argues that the Board erred by denying his request to permit backdating of his biweekly claims for UC benefits. Claimant specifically asserts that the reason that he waited for nearly a month before filing for UC benefits after his employment was terminated was that

> [t]here was a significant delay in sorting out the details around my discharge at Wells Fargo as well as the status of [my] employment at Truist Bank. I held numerous calls with Employee Relations and Human Relations following my discharge. Significant time passed [until] the discharge records were recorded by Wells Fargo onto my U5 employment history, and then there was back and forth with my prospective new employer Truist as to when my start date was moved to.

(Claimant's Br. at 11.) He also states that:

> When later speaking with a PA Unemployment Representative, I learned through him that the [Paid Time Off (PTO)] payout would not prohibit me from collecting unemployment during the said weeks, and he advised I backdate filing for unemployment benefits. It was not [until] 3/15/24 that Truist rescinded their offer, and then I realized I was truly unemployed.

*Id.* at 10.

In response, the Board argues that Claimant is not entitled to backdate his claim for benefits because the reason for his backdating request, his own uncertainty and confusion over a job opportunity that was later withdrawn, did not involve any mistakes or wrongdoing by the Department and thus falls outside the permissible reasons for backdating under the Law. The Board further asserts that "Claimant did not open his UC claim earlier thinking he might receive a payout of PTO or severance

(which he mistakenly thought disqualified him) . . . but these circumstances do not entitle him to backdating." (Respondent's Br. at 5-6.)

As an initial matter, we note that it is a claimant's responsibility to contact the UC Service Center personally to file a claim for benefits and to comply with reporting requirements after he or she is terminated. *Mitcheltree v. Unemployment Compensation Board of Review*, 635 A.2d 701, 704 (Pa. Cmwlth. 1993). With respect to backdating, the claimant always bears the burden of proof to establish that his application satisfies the requirements for backdating a claim for benefits. *Egreczky v. Unemployment Compensation Board of Review*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017) (citation omitted). Moreover, "[t]he general rule in cases involving late filing for [UC] benefits is that a claimant who files late is ineligible, unless misled by [UC] officials." *Snipas v. Unemployment Compensation Board of Review*, 401 A.2d 888, 889 (Pa. Cmwlth. 1979); *see also Menalis v. Unemployment Compensation Board of Review*, 712 A.2d 804, 805 (Pa. Cmwlth. 1998).

In addition, a "claimant's ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the Board's decision." *Naborn v. Unemployment Compensation Board of Review*, 246 A.3d 373, 380 (Pa. Cmwlth. 2021). In *Menalis*, this Court held that a claimant could not backdate his UC application despite the fact that a UC Service Center representative told him that he **may** be ineligible because of his pension. Under these circumstances, we found that the claimant was at fault in applying late for benefits because he assumed on his own that he was not eligible, instead of applying and awaiting an eligibility determination. *Menalis*, 712 A.2d at 806.

Here, Claimant does not claim that any of the enumerated reasons set forth in Section 65.43a(e) apply to his situation. In addition, it is clear from the record that Claimant does not meet the relevant criteria for any of the exceptions in the Department's regulation that would allow backdating of his claim.

8

Claimant argues that he should be permitted to backdate his application to include the weeks ending on February 17, 2024, February 24, 2024, and March 2, 2024, for two reasons. The first was his lack of knowledge regarding the UC claims process. Because he was unfamiliar with the UC benefits system, Claimant mistakenly believed that receiving severance pay or PTO from Wells Fargo would prohibit him from collecting benefits. (Claimant's Br. at 10.) However, as this Court has held, "[a claimant's] ignorance of the UC claims process and/or negligence is not a basis upon which this Court may reverse the [Board's] decision. *Naborn*, 246 A.3d at 380. In *Ciccolini v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1796 C.D. 2016, filed August 3, 2017), we held that a claimant's negligent failure to file his biweekly claims at the right times or to contact the Department for assistance did not justify permitting him to backdate his claim.[6] Slip op. at 12. Similarly, in *Valle v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 701 C.D. 2012, filed December 20, 2012), we held that the claimant's confusion over whether she needed to continue filing biweekly claims did not excuse her failure to timely file claims or communicate with the Department for five months. *Id.*, slip op. at 3.

Claimant also argues that he should be permitted to backdate his application because after his termination, he was involved in discussions with his prospective employer, Truist, about when he would be starting a new job. (Claimant's Br. at 11). This alleged reason for Claimant's failure to timely file for benefits after he was terminated, while understandable, is not included in the specific reasons listed in the Department's regulation that allows a UC claimant to backdate his application. Therefore, it is unavailing. Moreover, as to Claimant's claim that "[i]t was not [until]

---

[6] Unreported decisions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures (IOP), 210 Pa. Code § 69.414(a).

3/15/24 that Truist rescinded their offer, and then I realized that I was truly unemployed," we are at a loss to understand how this argument helps Claimant's position that he should be entitled to backdate his application to February 17, 2024.

In *Mitcheltree*, the claimant filed his application for benefits on June 22, 1992. He then requested to backdate his claim to include the weeks since his last day of work, March 3, 1992, because his employer allegedly misled him to believe he was not eligible for UC benefits. 635 A.2d at 703. There, this Court found that the proffered justification for his failure to file a claim earlier, which included these weeks, was not one of the situations enumerated in the regulations in which a claim could be backdated because the claimant was not misled or misinformed by the Department with respect to his reporting requirements. *Id.* We therefore denied the backdating request. *Id.* at 704-05.

Similarly, in *Snipas*, 401 A.2d 888, we upheld the denial of the claimant's request to backdate his application for unemployment compensation to the date that he was discharged from his employment. There, the claimant argued that he did not file his application within the time frame required by the Department's regulations, because after his termination from employment, he devoted all of his time to preparing a Civil Service appeal of his discharge. We concluded that this excuse was not one of the exceptions to the requirement for timely filing of benefit applications set forth in the Department's regulations, and that the claimant was both aware that he was potentially eligible for benefits and made a conscious decision not to file. Therefore, he did not meet the specific criteria for backdating set forth in the Department's regulations. *Id.* at 889.

The same can be said in the present case because Claimant's own belief that he might soon be reemployed is not one of the situations enumerated in the regulations which permit a claim to be backdated, and there is no evidence that Claimant was misled or misinformed by the Department with respect to his reporting

10

requirements. Further, the record indicates that Claimant was aware at least as of February 8, 2024, when he was terminated from Wells Fargo, that he was potentially eligible for benefits yet he made a conscious decision to delay filing while he resolved his own uncertainties.

Under the circumstances of this case, we find that the Board's determination was supported by substantial evidence in the record and that the Board did not err in finding that Claimant failed to meet his burden of establishing that his particular circumstances qualified under any of the exceptions set forth in 34 Pa. Code § 65.43a(e) that allow claimants to backdate a claim for benefits.

### III. Conclusion

Because we discern no error in the Board's determination, we affirm.

_____

PATRICIA A. McCULLOUGH, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David R. Freiman,               :
         Petitioner          :
                        :
       v.                  :   No. 1408 C.D. 2024
                        :
Unemployment Compensation   :
Board of Review,            :
         Respondent     :

## *<u>ORDER</u>*

AND NOW, this 17th day of March, 2026, the August 28, 2024 Order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

 

_____
PATRICIA A. McCULLOUGH, Judge