IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy Parkinson,             :
             Petitioner    :
                          :
     v.                 :
                          :
Unemployment Compensation   :
Board of Review,          :   No. 1776 C.D. 2024
           Respondent  :   Submitted: March 3, 2026

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON             FILED: April 7, 2026

Nancy A. Parkinson (Claimant), *pro se*, petitions for review of the November 26, 2024 order of the Unemployment Compensation Board of Review (Board), which affirmed the determination of the referee denying Claimant's request to backdate her claims pursuant to Section 401(c) of the Unemployment Compensation Law (UC Law),[1] 43 P.S. § 801(c), and Section 65.43a of the Department of Labor and Industry's (Department) Regulations, 34 Pa. Code § 65.43a (relating to extended filing). Upon review, we affirm.

## I. Background

Claimant filed an application for unemployment compensation (UC) benefits on April 5, 2022, after the termination of her employment with West Penn

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

Allegheny Health System, Inc. (Employer).[2]  Certified Record (C.R.) at 3-4.  She continued to file weekly claims for compensation, and the UC Service Center found that Claimant was eligible for benefits based on her separation from her employment.  *Id.* at 63-64 & 84.  Thereafter, Employer filed an appeal to the UC Center's qualifying determination, and a referee reversed the determination after a hearing on the matter.[3]  *Id.* at 84.  Despite being instructed otherwise by the referee's determination, Claimant stopped filing bi-weekly claims for UC benefits because she was extremely "stressed [ ] out" and busy with job search activities.  C.R. at 67 & 74.

Claimant appealed the referee's determination to the Board, which reversed the referee's determination on March 29, 2024, and ruled that Claimant was eligible for benefits.  C.R. at 71.  As a result, on May 8, 2024, Claimant sought backdating for claim weeks ending July 9, 2022, through October 15, 2022.  C.R. at 12. The Department denied this request on May 9, 2024, due to Claimant's failure to file her claims in a timely manner.  *Id.* at 16.  Claimant filed a timely appeal and argued that she would have continued filing claims but for the referee's original reversal, which would have rendered the present backdating request unnecessary.  *Id.* at 66.  The referee rejected this argument and maintained that there was no error by the Department pursuant to Section 65.43a of the Department's regulations, 34 Pa. Code § 65.43a, because the referee "is a separate entity from the Department," and Claimant made an independent decision to stop filing.  *Id.*

---

[2] Claimant alleges that she was unjustly terminated and that such termination had repercussions on her job search.  C.R. at 67.  However, Claimant fails to present evidence on the record of such unjust termination beyond stating that it "was determined twice by the State."  *Id.* at 66.

[3] Neither the UC Service Center determination nor the referee's reversal is in the record.

Claimant appealed the referee's decision to the Board, and the Board issued its November 26, 2024 order, which affirmed the referee's decision. C.R. at 111. On December 7, 2024, Claimant filed a Request for Reconsideration, which the Board subsequently denied. *Id.* at 137 & 141. Claimant then petitioned for review in this Court.[4]

## II. Issues

Before this Court,[5] Claimant argues that the Board erred in denying backdating for claim weeks ending July 3, 2022, through October 15, 2022. Claimant's Br. at 4. Specifically, Claimant argues that the Board's denial was "based solely on [her] failure to file weekly claims while her appeal was pending in the temporary denial state . . . ." *Id.* Claimant further maintains that her failure to file weekly claims was excusable due to her alleged lack of awareness of UC procedures, confusion, and emotional distress. *Id.*

---

[4] Claimant used the same Request for Reconsideration to petition this Court for review of the Board's November 26, 2024 order, but this Court notified Claimant that she must file a petition for review pursuant to the Pennsylvania Rules of Appellate Procedure to perfect her appeal. *Pro Se* Letter, 12/7/24; Cmwlth. Ct. Notice, 12/23/24; *see also* Pa.R.A.P. 121 & 1512-14. However, this Court preserved December 14, 2024, as Claimant's date of filing and Claimant filed a petition for review on January 13, 2025. Cmwlth. Ct. Notice, 12/23/24; Pet. for Review at 1.

[5] This Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 197 (Pa. Cmwlth. 2008) (citing *Sheets v. Unemployment Comp. Bd. of Rev.*, 708 A.2d 884 (Pa. Cmwlth. 1988)). In unemployment compensation cases, the Board is the ultimate factfinder, and its findings are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Hessou*, 942 A.2d at 198 (first citing *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383 (Pa. 1985); and then citing *Taylor v. Unemployment Comp. Bd. of Rev.*, 378 A.2d 829 (Pa. 1977)).

Claimant also argues that the Board improperly made deductions from her Social Security benefits. Claimant's Br. at 4. She avers that the recoupment of previously approved benefits was improper and that such deductions "should be halted and reimbursed" during the duration of the current dispute. *Id.*

The Board argues that Claimant's "general unawareness or misunderstanding" does not fall under any of the Department's enumerated regulations for backdating claims. Board's Br. at 6; *see* 34 Pa. Code § 65.43a. Further, the Board maintains that Claimant did not make a reasonable effort to file timely because she completely failed to do so as a result of "her own negligence." Board's Br. at 13. As such, the Board argues that its November 26, 2024 order should be affirmed. *Id.* at 15.

### III. Discussion

### Failure to File UC Claims

Section 401(c) of the UC Law provides, in relevant part, that

> [c]ompensation shall be payable to any employe who is or becomes unemployed, and who –
> . . .
> (c) [h]as made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment[.]

43 P.S. § 801(c). A claimant must "file a claim for compensation for a week no later than the last day of the second week after the end of the week claimed." 34 Pa. Code § 65.43. If a claimant fails to timely file a claim, the claimant may still be entitled to backdate the claim if the reason for the claimant's untimeliness falls within one

of the enumerated exceptions within Section 65.43a of the Department's regulations. *See Mitcheltree v. Unemployment Comp. Bd. of Rev.*, 635 A.2d 701, 703-04 (Pa. Cmwlth. 1993);[6] 34 Pa. Code § 65.43a. Section 65.43a(e) of the Department's regulations identifies how many weeks a claim can be backdated for the accepted reasons for untimeliness as follows:

> The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons (6 weeks);

> The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used (2 weeks);

> A UC Office fails to accept a filing as a result of error or mistake by the Department (52 weeks);

> Sickness or death of a member of the claimant's immediate family or an act of God (2 weeks);

> Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant (2 weeks);

> During the period following the issuance of the March 6, 2020 Proclamation of Emergency Disaster, issued under 35 Pa.C.S. § 7301 (relating to general authority of Governor), due to the novel coronavirus (COVID-19) global pandemic, until the end of the current "high unemployment" period, as that term is defined in section 405-A(a.1)(2) (43 P.S. § 815(a.1)(2)) (52 weeks).

---

[6] *Mitcheltree v. Unemployment Comp. Bd. of Rev.*, 635 A.2d 701, 703-04 (Pa. Cmwlth. 1993), cited 34 Pa. Code § 65.33, which was a previous codification of the regulation now codified at 34 Pa. Code § 65.43a.

34 Pa. Code § 65.43a(e). In addition, subsection (f) permits extended filing when a claimant is unable to file a claim for benefits within the time allowed due to illness or injury. *Id.* § 65.43a(f). Subsection (g) also allows the Department to backdate an application for benefits when the claimant refrained from filing, "because [the] employer erroneously advised . . . that the claimant would be recalled to work within 1 week." *Id.* § 65.43a(g). Finally, a claimant who files late may be eligible for backdating if the late filing was due to being misled by an unemployment compensation official. *See Snipas v. Unemployment Comp. Bd. of Rev.*, 401 A.2d 888, 889 (Pa. Cmwlth. 1979) (citing *Swope v. Unemployment Comp. Bd. of Rev.*, 184 A.2d 415, 416 (Pa. Super. 1962)). A claimant bears the burden of proving that his application satisfies the requirements for backdating a claim for benefits, and his "ignorance of the UC claim process and/or negligence is not a basis upon which this Court may reverse the Board's decision." *Naborn v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 373, 380 (Pa. Cmwlth. 2021); *Egreczky v. Unemployment Comp. Bd. of Rev.*, 183 A.3d 1102, 1106 (Pa. Cmwlth. 2017).

Here, Claimant does not argue that any of the reasons set forth in Section 65.43a apply. While she briefly argues that she acted in "good faith," the final catchall provision of subsection (e) does not apply because Claimant did not fail to file through no fault of her own. *See* 34 Pa. Code § 65.43a(e). Instead, Claimant failed to file claims due to her alleged unawareness of UC filing procedures, confusion, and emotional distress. Claimant's Br. at 4. However, Claimant's arguments lack merit. Once the Department issues a determination, all parties receive an appeal form which contains a section prominently titled "**<u>IMPORTANT</u>**." C.R. at 19. Within this section, the form states that "[i]f [claimant] remain[s] partially or fully unemployed while an appeal concerning

6

[claimant's] eligibility is pending, continue to file . . . weekly claims for benefits for the weeks [claimant] claimed will be released for payment." *Id.* Further, the accompanying petition for appeal form provides information about the appeal process and expressly instructs claimants to continue filing claims while an appeal is pending. *Id.* at 23. A claimant receives a nearly identical notice upon filing an appeal to a referee's decision in the form of an Acknowledgement of UC Appeal to Board of Review. *See e.g.* C.R. at 105. The Acknowledgment of UC Appeal to Board of Review states, in pertinent part, that "if [claimant] remain[s] partially or totally unemployed while the appeal is pending, [claimant] should continue to file weekly claims for benefits." *Id.* As such, Claimant was explicitly and repeatedly advised of her duty to continue filing claims while her appeal was pending, and her failure to do so was, by her own admission, an "oversight." *Id.* at 69.

In *Humes v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1929 C.D. 2017, filed July 24, 2018),[7] this Court determined that the claimant failed to review the UC claim appeal documents with sufficient thoroughness and thus, it was the claimant's ignorance that led to the claimant's erroneous belief that he no longer needed to file UC claims. *Id.*, slip op. at 8. As a result, this Court held that the claimant was not entitled to backdating because a "'mistaken impression that [one] was not eligible for benefits' does not justify backdating under Section 65.43a,[8] nor does 'unfamiliarity with the unemployment

---

[7] Under Rule 69.414(a) of the Commonwealth Court's Internal Operating Procedures, unreported decisions of the Commonwealth Court issued after January 15, 2008, may be cited for their persuasive value. 210 Pa. Code § 69.414(a).

[8] *Chrisbacher v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1212 C.D. 2013, filed January 30, 2014).

7

compensation system.'"[9]  *Id.*, slip op. at 9.  Similarly here, Claimant "missed that she should have been continuing to apply" despite "know[ing]" that the instructions were "in [the Board's] documents."  C.R. at 69-70.  Such "oversight" is ignorance of UC procedures which is not a basis upon which this Court may reverse the Board's November 26, 2024 order.  *Id.* at 69; *see Naborn*, 246 A.3d at 380.

Because Claimant failed to establish that she meets any of the Department's enumerated exceptions that would permit backdating her claims, 34 Pa. Code § 65.43a(e), the Board did not err in refusing to grant Claimant's backdating requests for claim weeks ending July 9, 2022, through October 15, 2022.[10]

## IV. Conclusion

Based on the foregoing discussion, the November 26, 2024 order of the Board is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] *Beck v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 459 C.D. 2013, filed September 11, 2013).

[10] This Court declines to consider Claimant's final argument that the "Board's decision to deduct from [Claimant's] Social Security benefits to recover previously approved funds violates fundamental due process principles and conflicts with 43 P.S. § 874, which prohibits unjust enrichment . . . ."  Claimant's Br. at 8.  Claimant cites a non-existent case to support her position that "[t]he premature recoupment of benefits before a final determination is contrary to Pennsylvania precedent," and her reliance on Section 874 of the UC Law, 43 P.S. § 874, is misplaced.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy Parkinson, :
                Petitioner :
                 :
        v. :
                 :
Unemployment Compensation :
Board of Review, : No. 1776 C.D. 2024
            Respondent :

# **O R D E R**

AND NOW, this 7th day of April, 2026, the November 26, 2024 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge